IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LATASHA MCKINZIE,

    Plaintiff,

vs.                                                 No. 1:24-cv-00892-WJ-JMR

BANK OF AMERICA,

    Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

THIS MATTER is before the Court on Bank of America, N.A.'s[1] Motion to Dismiss Under Rule 12(b)(6). (**Doc. 6**). The Court grants the Motion to Dismiss, dismisses all claims without prejudice, and grants Plaintiff leave to file an amended complaint that complies with this Memorandum Opinion and Order.

Plaintiff, Latasha McKinzie filed her Civil Complaint in the Second Judicial District Court, State of New Mexico, on August 6, 2024. (**Doc. 1-1**). The case was removed to this Court by Defendant Bank of America on September 6, 2024. (**Doc. 1**). Bank of America filed its Motion to Dismiss Under Rule 12(b)(6) on September 13, 2024. (**Doc. 6**). Plaintiff McKinzie filed her Response to the Defendant's Motion to Dismiss on September 28, 2024. (**Doc. 16**). On November 11, 2024, Bank of American then filed a Reply in support of the Motion to Dismiss. (**Doc. 19**).

---

[1] Plaintiff's Civil Complaint names "Bank of America" as the Defendant. (**Doc. 1-1**). However, there is no such entity. Bank of America, N.A. a national banking association, removed this case from state court and has appeared as Defendant in the case. (**Doc. 1 at 1, nt. 1**). For convenience and consistency, the Court refers to Bank of America, N.A. as "Bank of America" in this Memorandum Opinion and Order.

1

In her Civil Complaint, Plaintiff McKinzie seeks $250,000 and alleges that her claim arises from the following event or transaction:

> "On Jun 20th 2024, I walked into Bank of America located at San Mateo and Academy and my check was refused for cashing. I have and have had an account with the bank for over five years. I feel I was discriminated against on due to my race."

(Doc. 1-1 at 4, ¶ 3). The Civil Complaint contains no other factual or legal allegations.

Bank of America's Motion seeks dismissal of the Civil Complaint on the grounds that it fails to specify any cause of action in violation of Fed. R. Civ. P. 8 and, even if construed as a racial discrimination claim under 42 U.S.C. § 1981, fails to state a valid claim. (**Doc. 6 at 1, 3**). Plaintiff's Response to the Motion to Dismiss states:

> "I come before you, Pro Se, in the heavenly courts of righteousness on the cause of being discriminated on, June 20th, 2024 at Bank of America located at 6201 San Mateo Blvd NE, Albuq. NM 87109."

(**Doc. 16 at 1**).[2] Her Response contends that her claims arise under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and 42 U.S.C. § 12112. (**Doc. 16 at 1-2**). Bank of America's Reply argues that, although she recites some of the legal elements of claims under those statutes, she provides no further factual allegations, and her Civil Complaint still fails to state a claim for relief. (**Doc. 19**). The Court agrees that her Civil Complaint does not state any claim for relief.

Fed. R. Civ. P. 8 requires that a complaint set out a short, plain statement of the claim ***showing that the pleader is entitled to relief.*** Fed.R.Civ.P. 8(a) (emphasis added). Each allegation must be simple, concise, and direct. Fed.R.Civ.P. 8(d)(1). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[2] Plaintiff's Response also states that Bank of America's "checking" policy will be attached, but no such policy was attached to the Response. (**Doc. 16 at 2**)

2

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plaintiff's obligation to provide grounds for her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss, the Court must assume all the complaint's factual allegations are true, but it is not bound to accept as true legal conclusions, including any "legal conclusion couched as a factual allegation." *Id.* at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Accordingly, the Court "should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). In deciding whether the plaintiff's stated claim for relief is adequate, the Court views "the totality of the circumstances as alleged in the complaint in the light most favorable to [the plaintiff]." *Jones v. Hunt*, 410 F.3d 1221, 1229 (10th Cir. 2005). The essential question is whether the plaintiff has nudged his or her claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Plaintiff McKinzie is proceeding pro se. In reviewing the pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal

theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

Plaintiff's Complaint does not state any claim for relief in this case. First, Plaintiff's allegations are insufficient to state a claim of racial discrimination in violation of 42 U.S.C. § 1981. Section 1981 prohibits discrimination against protected classes while members of the class are engaged in a protected activity. *Vu Phan v. Hipple,* 735 F. App'x 492, 493 (10th Cir. 2018). To state a claim for relief under § 1981, a plaintiff must allege facts supporting a plausible inference that she is a member of a protected class, that the defendant intended to discriminate on the basis of her protected status, and that the discrimination interfered with a protected activity. *See Allstate Sweeping, LLC v. Black,* 706 F.3d 1261, 1265 (10th Cir. 2013). Although an inference might be made from her Complaint that Plaintiff is a member of a protected class, she does not explicitly make that allegation. Nor does she plead any facts supporting a plausible inference that Defendant intended to discriminate against her on the basis of any protected status or that any discrimination interfered with a protected activity. Her one-paragraph allegation that she entered the bank and the bank declined to cash a check she tendered does not raise any inference of racial discrimination and her unsupported belief is insufficient to create such an inference. *Phan v. Colorado Legal*

*Services,* 769 F. App'x 520, 526 (10th Cir. 2019); *Vu Phan v. Hipple*, 735 F. App'x at 494. *See, also, Dames v. JP Morgan Chase & Co.,* 2023 U.S. Dist. LEXIS 138006 at *8 (E.D.N.Y. 2023) (dismissing claims against bank for failure to allege facts showing plaintiff's race was but-for cause of discrimination); *Waller v. Escamilla,* U.S. Dist. LEXIS 118287 (S.D. Tx. 2022) (dismissing claims against bank for refusing to cash check based on failure to allege facts showing that bank treated non-minorities in the same situation more favorably). Plaintiff's Complaint does not state a § 1981 claim for relief. *Comcast Corp. v. Nat'l Ass'n of African Am. Owned Media,* ___ U.S. at ___, 140 S.Ct. 1099 (2020).

Second, Plaintiff's Complaint does not state any claim for relief under 42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). A plaintiff must plead that a government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Plaintiff in this case does not (and could not) allege that any bank employee is a government official. Nor does she identify any

individual conduct by any employee and names only an entity defendant in the Complaint. The Complaint fails to state a § 1983 claim for relief. *Ashcroft v. Iqbal,* 556 U.S. at 676.

Last, Plaintiff's Complaint is insufficient to state any claim for relief under 42 U.S.C. § 12112. The Court assumes that, in raising § 12112 in her response to the Motion to Dismiss, that Plaintiff is attempting to argue discrimination in failing to accommodate under the American's With Disabilities Act. *See, Davoll v. Webb,* 194 F.3d 1116 (10th Cir. 1999). However, nothing in Plaintiff's Complaint even suggests she has any sort of disability, much less that Defendant discriminated against her by failing to accommodate a disability. Section 12112 appears to have no application in this case and her Complaint fails to state any claim under § 12112.

Plaintiff's Complaint fails to state any plausible claim for relief. However, as required by Tenth Circuit precedent, the Court will grant Plaintiff McKinzie the opportunity to remedy the defects in her pleading. *Reynoldson v. Shillinger,* 907 F.2d at 126; *Hall v. Bellmon,* 935 F.2d at 1109. The Court will dismiss the Complaint without prejudice and grant Plaintiff leave to file an amended complaint within 30 days after entry of this Memorandum Opinion and Order.

Also pending before the Court are Plaintiff's Motion for Hearing (Doc. 17), Motion to File Electronically (Doc. 18), and Motion to File Electronically (Doc. 20). The Court will deny the three pending Motions as moot in light of dismissal of the case.[3]

**IT IS ORDERED** that Defendant Bank of America, N.A.'s Motion to Dismiss Under Rule 12(b)(6). (**Doc. 6**) is **GRANTED**; Plaintiff's Civil Complaint is **DISMISSED without prejudice;** and Plaintiff is granted leave to file an amended complaint that complies with this Memorandum Opinion and Order with in 30 days. If Plaintiff fails to file an amended complaint or files a non-

---

[3] Plaintiff's motions to file electronically appear to be no more than requests for the Court to docket her filings on the Court's electronic docket. The Court dockets the filings as a standard operating procedure and Plaintiff's motions are also unnecessary.

6

compliant amended complaint, this case may be dismissed with prejudice and without further notice. The Court also **DENIES** Plaintiff's Motion for Hearing (Doc. 17), Motion to File Electronically (Doc. 18), and Motion to File Electronically (Doc. 20) as moot.

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE