IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LATASHA MCKINZIE,

    Plaintiff,

vs.                                               No. 1:24-cv-00892-WJ-JMR

BANK OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL WITH PREJUDICE

THIS MATTER is before the Court on the Court's prior Memorandum Opinion and Order of Dismissal Without Prejudice **[Doc. 23]**, Plaintiff McKinzie's First Amended Complaint **[Doc. 25]**, Bank of America, N.A.'s Motion to Dismiss Plaintiff's First Amended Complaint **[Doc. 26]**, and Plaintiff McKinzie's Response **[Doc. 28]**. The Court concludes that Plaintiff McKinzie's First Amended Complaint still fails to state any claim upon which relief may be granted and dismisses all claims with prejudice.

Plaintiff, Latasha McKinzie filed her Civil Complaint in the Second Judicial District Court, State of New Mexico, on August 6, 2024. (**Doc. 1-1**). The case was removed to this Court by Defendant Bank of America on September 6, 2024. (**Doc. 1**). Bank of America filed its Motion to Dismiss Under Rule 12(b)(6) on September 13, 2024. (**Doc. 6**). Plaintiff McKinzie filed her Response to the Defendant's Motion to Dismiss on September 28, 2024. (**Doc. 16**). On November 11, 2024, Bank of American then filed a Reply in support of the Motion to Dismiss. (**Doc. 19**).

In her Civil Complaint, Plaintiff McKinzie seeks $250,000 and alleges that her claim arises from the following event or transaction:

> "On Jun 20th 2024, I walked into Bank of America located at San Mateo and Academy and my check was refused for cashing. I have and have had an account with the bank for over five years. I feel I was discriminated against on due to my race."

(Doc. 1-1 at 4, ¶ 3). The Civil Complaint contains no other factual or legal allegations. On January 28, 2025, the Court entered its Memorandum Opinion and Order dismissing Plaintiff's Complaint without prejudice for failure to state a claim on which relief can be granted. **[Doc. 23]**. The Court's Memorandum Opinion and Order also granted Plaintiff leave to file an amended complaint and notified Plaintiff that if she filed a non-compliant amended complaint, the Court could dismiss the case with prejudice and without further notice. **[Doc. 23 at 6-7]**.

On February 26, 2025, Plaintiff McKinzie filed "Plaintiff First Amended Complaint." **[Doc. 25]**. Her First Amended Complaint alleges that she went to her usual Bank of America branch, a teller named Jesse verified her account details, and then Jesse called over the branch manager, Ramon. **[Doc. 25 at 1]**. Ramon asked her questions about where a check she had presented, which was from a BOA account, came from and then told her he could not accept the check. **[Doc. 25 at 1-2]**.[1] Plaintiff McKinzie then left the branch bank and called a white, male, lawyer, friend. **[Doc. 25 at 1-2]**. The lawyer friend called the bank and talked to Ramon, and Ramon called Plaintiff to tell her to return to the branch and he would process the check. Upon her return, the check was processed. **[Doc. 25 at 2]**. Plaintiff claims "Ramon clearly discriminated on me due to my race, an African American woman" in violation of Title VII and the New Mexico Civil Rights Act. **[Doc. 25 at 2]**.

---

[1] Neither Plaintiff's original Complaint nor her First Amended Complaint specify the source or amount of the check she presented for processing, nor does she state whether the check was presented for deposit into her account or to be cashed. She does appear to indicate that the check was written on another unidentified Bank of America account. **[Doc. 25 at 1]**.

Plaintiff also attaches a string of text messages between Plaintiff and her lawyer/friend and states that the text messages are "proof of discrimination." **[Doc. 25 at 3]**. All the text messages show is that Plaintiff raised presentation problems with the check, her lawyer/friend intervened, and the bank agreed to process the check, which it did. Nothing in the First Amended Complaint or the text messages raises any factual evidence or even any reasonable inference of race or sex discrimination.

Defendant, Bank of America filed another Motion to Dismiss Plaintiff's First Amended Complaint on March 7, 2025. **[Doc, 26]**. Defendant seeks dismissal with prejudice of the First Amended Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. **[Doc. 26]**. Plaintiff McKinzie then filed a Response to Defendant's Motion stating:

> "The fact remains that the Defendant Ramon[2] (Branch Manager) of the bank denied my rights to my account and did not provide service until my friend and lawyer, which happens to be white and male, persuaded him to allow my service. That all being after the fact. I am only wanting to pave the way for those that will come after me and are violated due to being African American and female."

**[Doc. 28]**. Plaintiff goes on to state that "I am sure Defendant, being a Hispanic male, would not appreciate the treatment he delivered upon me, in any given establishment." **[Doc. 28]**.

Defendant seeks dismissal of Plaintiff's First Amended Complaint under Rule 12(b)(6). As the Court has previously stated, Fed. R. Civ. P. 8 requires that a complaint set out a short, plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A

---

[2] The Court notes that Ramon is not named as a defendant in either the original or the First Amended Complaint—the only named defendant in the case is Bank of America. **[Doc. 1-1, 25]**.

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plaintiff's obligation to provide grounds for her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss, the Court must assume all the complaint's factual allegations are true, but it is not bound to accept as true legal conclusions, including any "legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Accordingly, the Court "should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). In deciding whether the plaintiff's stated claim for relief is adequate, the Court views "the totality of the circumstances as alleged in the complaint in the light most favorable to [the plaintiff]." *Jones v. Hunt*, 410 F.3d 1221, 1229 (10th Cir. 2005). The essential question is whether the plaintiff has nudged his or her claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Plaintiff McKinzie is proceeding pro se. In reviewing the pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal

theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In her response to Defendant's original Motion to Dismiss, Plaintiff claimed to be proceeding under 42 U.S.C. § 1981 for discrimination, 42 U.S.C. § 1983 for civil rights violations, and 42 U.S.C. § 12112 for discrimination under the American's With Disabilities Act. The Court previously found and concluded that Plaintiff fails to state any claim for relief under those statutes. **[Doc. 23].** Plaintiff's First Amended Complaint does not attempt to remedy the defects in her claims under those statutes but, instead, abandons them. **[Doc. 25]**. Instead, Plaintiff now claims to be proceeding under Title VII and the New Mexico Civil Rights Act ("NMCRA"). **[Doc. 25 at 2]**. Plaintiff's allegations fail to nudge her claim across the line from a conceivable to a plausible claim for relief under either Title VII or the NMCRA.

First, Plaintiff asserts claims against Defendant Bank of America under Title VII of the 1964 Civil Rights Act. (Am. Comp. p. 2). "Title VII of the Civil Rights Act of 1964, as amended, protects individuals against **employment discrimination** on the basis of race, color, religion, sex or national origin." 29 C.F.R. § 1606.2 (*emphasis added*); 42 U.S.P.S. § 2000e-2; *Fort Bend Cty. v. Davis*, 587 U.S. 541, 541, 139 S. Ct. 1843, 1844 (2019). However, Plaintiff does not allege that she is or ever was employed by Bank of America. This is not an employment discrimination lawsuit and Title VII is inapplicable to this case. Plaintiff's Title VII claims must be dismissed. *See Ramsey v. Principi*, 284 F. App'x 548, 549 (10th Cir. 2008) (affirming dismissal of Title VII claim where the plaintiff was not an employee of the defendant); *Portley-El v. Zavaras*, 188 F.3d 519 (10th Cir. 1999).

Plaintiff also asserts claims against Bank of America for violating the NMCRA. For claims arising after July 1, 2022, the NMCRA creates a cause of action for violations of rights, privileges,

or immunities secured pursuant to the bill of rights of the constitution of New Mexico. *See* NMSA 1978 §§ 41-4A-3; 41-4A-12. However, "[c]laims brought pursuant to the New Mexico Civil Rights Act [must] be brought exclusively against a public body." *Way v. Probation*, No. 23-cv-00223-WJ-JMR, 2024 U.S. Dist. LEXIS 51225, at *6 (D.N.M. 2024) (quoting NMSA 1978 § 41-4A-3(C)). "As used in the New Mexico Civil Rights Act, 'public body' means a state or local government, an advisory board, a commission, an agency, or an entity created by the constitution of New Mexico or any branch of government that receives public funding. . . ." *Id*. (quoting NMSA 1978 § 41-4A-2); *see also Lowrey v. Portis*, No. 23-372 JCH/JFR, 2025 U.S. Dist. LEXIS 17091, at *16 (D.N.M. Jan. 30, 2025); *Destino v. Centurion Med. Servs.*, No. 20-397 MV-GJF, 2023 U.S. Dist. LEXIS 117688, at *22 (D.N.M. July 10, 2023). Plaintiff's claims under the NMCRA also must be dismissed because Bank of America is not a "public body" as that term is defined.[3]

Plaintiff's First Amended Complaint still fails to state any plausible claim for relief. The allegations of her First Amended Complaint show no more than that she went to her usual bank branch, presented a check from a never-identified source for processing, was questioned by the branch manager about the origin of the check, had a lawyer intervene to convince the bank to accept the check, and the bank did accept and process the check. Although Plaintiff appears highly sensitive to her race and sex, as well as the race and sex of those around her, her personal beliefs, unsupported by any facts, are insufficient to entitle her to any legal relief. *Twombly*, 550 U.S. at 555.

The First Amended Complaint does not allege any statements or conduct by Ramon or any other employee of Defendant Bank of America showing bias or animus based on race or sex. *Phan*

---

[3] Plaintiff has filed two notices that she has submitted a charge of discrimination to the New Mexico Human Rights Division. **[Doc. 21, 24].** This Court has no jurisdiction over any alleged pending charge of discrimination before a New Mexico state agency. *See* 28 U.S.C. §§ 1331, 1332.

*v. Colorado Legal Services,* 769 F. App'x 520, 526 (10th Cir. 2019); *Vu Phan v. Hipple*, 735 F. App'x 492, 494 (10th Cir. 2018); *Dames v. JP Morgan Chase & Co.,* 2023 U.S. Dist. LEXIS 138006 at *8 (E.D.N.Y. 2023) (dismissing claims against bank for failure to allege facts showing plaintiff's race was but-for cause of discrimination); *Waller v. Escamilla,* U.S. Dist. LEXIS 118287 (S.D. Tx. 2022) (dismissing claims against bank for refusing to cash check based on failure to allege facts showing that bank treated non-minorities in the same situation more favorably). The Court therefore grants Defendant Bank of America N.A.'s Rule 12(b)(6) Motion to Dismiss for failure to state a claim for relief and dismisses the First Amended Complaint with prejudice.

**IT IS ORDERED** that Defendant Bank of America, N.A.'s Motion to Dismiss **[Doc. 26]** is **GRANTED**; Plaintiff's First Amended Complaint and all claims and causes of action are **DISMISSED with prejudice;** and final judgment will be entered.

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE